# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD COWAN, <br><br> Plaintiff, <br><br> v. <br><br> GOVERNOR JERRY BROWN, JUDGE MAUREEN HALLAHAN, COMMISSIONER PENNIE MCLAUGHLIN, SDCSS LAWYER NATASHA ESSES, SDCSS LAWYER DIONNE MOCHON, SDCSS CASE MANAGER MIA-LEE CABRERA, TRAC PHAM, SAN DIEGO CHILD SUPPORT SERVICE, <br><br> Defendants. | CASE NO. 3:14-cv-1886-GPC-WVG <br><br> **ORDER:** <br><br> **(1) GRANTING MAUREEN HALLAHAN AND PENNIE MCLAUGHLIN'S MOTION TO DISMISS;** <br><br> **[ECF No. 5]** <br><br> **(2) GRANTING THE DCSS DEFENDANTS' MOTION TO DISMISS;** <br><br> **[ECF No. 14]** <br><br> **(3) GRANTING GOVERNOR BROWN'S MOTION TO DISMISS;** <br><br> **[ECF No. 16]** <br><br> **(4) VACATING HEARING DATE** |

## I. INTRODUCTION

Before the Court are three motions to dismiss by: (1) Judge Maureen Hallahan and Commissioner Pennie McLaughlin (collectively, the "Judicial Defendants"); (2) Mia Cabrera, Natasha Esses, Dionne Mochon, Trac Pham, and the Department of Child

Support Services (the "DCSS") (collectively, the "DCSS Defendants"); and (3) Edmund G. Brown, Jr. ("Governor Brown"). (ECF Nos. 5, 14, 16.) Plaintiff Chad Cowan ("Plaintiff"), proceeding pro se, opposes all three motions. (ECF No. 19.)

The parties have fully briefed the motions. (ECF Nos. 5, 14, 16, 19.) The Court finds the motions suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). Upon review of the moving papers, admissible evidence, and applicable law, the Court GRANTS all three motions to dismiss.

## II. PROCEDURAL HISTORY

On August 12, 2014, Plaintiff filed a complaint against the Judicial Defendants, the DCSS Defendants, and Governor Brown (the "Complaint"). (ECF No. 1.) On September 5, 2014, the Judicial Defendants filed a motion to dismiss. (ECF No. 5.) On September 14, 2014, the DCSS Defendants filed a motion to dismiss. (ECF No. 14.) On September 25, 2014, Governor Brown filed a motion to dismiss. (ECF No. 16.) On October 16, 2014, Plaintiff filed an opposition to all three motions to dismiss. (ECF No. 19.) On October 17, 2014, the DCSS Defendants filed a reply to Plaintiff's opposition. (ECF No. 20.) On October 27, 2014, Judge Hallahan and Commissioner McLaughlin filed a reply to Plaintiff's opposition. (ECF No. 22.)

While Plaintiff's complaint only specifies a "1st Cause of Action," (*see* Complaint, at 2:26)[1], Plaintiff's complaint appears to allege numerous claims: (1) failure to defend Plaintiff's constitutional rights in violation California Constitution, article 20, section 3 by Governor Brown, Judge Hallahan, Commissioner McLaughlin, Mochon, Pham, and Esses; (2) declaratory judgment invalidating a contract for child support payment against; (3) violation of U.S. Constitution, article I, section 10 by Commissioner McLaughlin; (4) violation of 18 U.S.C. §§ 241–242 by Commissioner McLaughlin; (5) violation of Plaintiff's constitutional rights by Commissioner McLaughlin; (6) conspiracy to deprive Plaintiff of liberty without due process by Esses

---

[1] References to the Complaint refer the page number in its CM/ECF document header and the line number printed on each page.

and Commissioner McLaughlin; (7) failure to "reserve [P]laintiff's constitutional rights" by Commissioner McLaughlin; (8) failure to investigate a conspiracy by Governor Brown; (9) deprivation of liberty and constitutional rights by Esses and Judge Hallahan; (10) conspiracy to "force involuntary servitude" on Plaintiff by Esses and Commissioner McLaughlin; and (11) violation of Plaintiff's constitutional rights[2] by Commissioner McLaughlin, Judge Hallahan, Esses, Cabrera, and Governor Brown. (Complaint.)

Based on the language in the Complaint, the Court construes Plaintiff's first cause of action to contain three causes of action: (1) violations of 42 U.S.C. § 1983, (2) violations of 42 U.S.C. § 1985, and (3) declaratory judgment invalidating the contract for child support based on fraud and duress.

## III. FACTUAL ALLEGATIONS

Plaintiff's allegations arise out of an underlying state judicial proceeding for child support. (*See* ECF No. 1-2.) On approximately December 17, 2010, Plaintiff alleges that Judge Hallahan and the DCSS conspired to force him to sign "SDCSS document FL-610 contracting payment for child support" under duress. (Complaint, at 2:38–40.) On approximately October 23, 2014, Plaintiff alleges that Commissioner McLaughlin and Esses conspired to "order Plaintiff's participation participation and involuntary servitude to pay SDCSS without reserving Plaintiff's constitutional rights." (*Id.* at 2:43–47.) On approximately January 8, 2014, Plaintiff alleges that Commissioner McLaughlin and Esses conspired "to again deprive plaintiff of liberty without due process." (*Id.* at 3:60–66.) On approximately February 10, 2014, Plaintiff alleges that he informed Governor Brown of the conspiracy and that Governor Brown did not respond. (*Id.* at 3:68–70.) On approximately March 6, 2014, Plaintiff alleges Judge Hallahan and Esses "threatened plaintiff with deprivation of liberty and of constitutional rights." (*Id.* at 3:71–4:76.)

---

[2] These include alleged violations of the First, Sixth, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendments and U.S. Constitution, article 1, sections 1 and 2.

//

## IV. LEGAL STANDARD

### A. Judicial Notice

Generally, on a motion to dismiss, courts limit review to the contents of the complaint and may only consider extrinsic evidence that is properly presented to the court as part of the complaint. *See Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001) (court may consider documents physically attached to the complaint or documents necessarily relied on by the complaint if their authenticity is not contested). However, a court may take notice of undisputed "matters of public record" subject to judicial notice without converting a motion to dismiss into a motion for summary judgment. *Id.* (citing FED. R. EVID. 201; *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)). Under Federal Rule of Evidence 201, a district court may take notice of facts not subject to reasonable dispute that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. FED. R. EVID. 201(b); *see also Lee*, 250 F.3d at 689.

### B. Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534.

While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

## V. DISCUSSION

As an initial matter, the Court is mindful that pro so pleadings are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Additionally, any 42 U.S.C. § 1985 cause of action requires at the outset a 42 U.S.C. § 1983 violation. *See Caldeira v. County of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989).

**A. Judicial Notice**

The Judicial Defendants request judicial notice of eight documents from *County of San Diego v. Chad Cowan*, San Diego Superior Court Case No. DF250584: (1) the complaint, (2) the answer, (3) the May 4, 2011 minute order, (4) the October 23, 2013 minute order, (5) the January 8, 2014 minute order, (6) the January 8, 2014 notice of objection, (7) the March 3, 2014 motion, and (8) the March 6, 2014 minute order. (ECF No. 5-2.)

1   The Judicial Defendants' eight requests for judicial notice are properly noticeable. The complaint, answer, minute orders, notice of objection, and motion in a state trial court case are matters of public record and are capable of accurate and ready determination. Finding the eight court documents relevant, the Court takes judicial notice of all eight documents.

**B. Motions to Dismiss**

**1. Judicial Defendants**

The Judicial Defendants argue three reasons why Plaintiff's causes of action should be dismissed: (1) judicial immunity, (2) Eleventh Amendment immunity, and (3) failure to file a government tort claim. (ECF No. 5-1, at 4–6.) Plaintiff argues that the Judicial Defendants are not "above the law" and that the Eleventh Amendment does not bar his causes of action. (ECF No. 19, at 1–2.)

Judicial immunity generally affords judges immunity from suit for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam). This is true even if there are "allegations of bad faith or malice." *Id.* at 11. There are two exceptions to judicial immunity: (1) actions taken outside of the judicial capacity, and (2) judicial actions "taken in the complete absence of all jurisdiction." *Id.* at 11–12.

Here, the Complaint refers to the Judicial Defendants by their judicial titles of "judge" and "commissioner" and refers to actions taken during the course of the family court case. (*See* Complaint.) Moreover, the actions in the Complaint allegedly taken by the Judicial Defendants were all done in the context of the family court proceedings against Plaintiff. Accordingly, Plaintiff's causes of action against the Judicial Defendants are DISMISSED without prejudice.

**2. DCSS Defendants**

The DCSS Defendants argue four reasons why Plaintiff's causes of action should be dismissed: (1) statute of limitations, (2) failure to state a claim, (3) *Rooker-Feldman* Doctrine, and (4) *Younger* Abstention. (ECF No. 14-1, at 2–7.)

The Complaint alleges that defendants Pham and Mochon "are lawyers

representing" DCSS and are "required by oath of affirmation, to support and defend Plaintiffs Constitutional rights when or where they claim to have jurisdiction over or official duties with the plaintiff," but does not allege any specific actions taken by them. (*See* Complaint, at 2:32–37.) Accordingly, Plaintiff's causes of action against defendants Pham and Mochon are DISMISSED without prejudice.

The Complaint alleges that defendant Cabrera "conspired together and with others unknown to Plaintiff to deprive him of his constitutional rights," but does not allege any specific actions taken by Cabrera other than this conclusory statement. (*See* Complaint, at 4:96–97.)  Accordingly, Plaintiff's causes of action against defendant Cabrera are DISMISSED without prejudice.

The Complaint alleges that defendant Esses: (1) "conspired to deprive plaintiff of liberty and without due process," (Complaint, at 2:43); (2) "ordered plaintiff to disclose private information and ordered plaintiffs participation and involuntary servitude to pay SDCSS without reserving plaintiffs constitutional rights," (*id.* at 2:45); (3) "threatened plaintiff with deprivation of liberty and of constitutional Rights," (*id.* at 3:71); (4) "conspired to force involuntary servitude on defendant,"(*id.* at 4:75); and (5) "conspired . . . to deprive [Plaintiff] of his constitutional rights," (*id.* at 4:96–98). 42 U.S.C. § 1983 creates a remedy for "deprivation of rights established elsewhere." *City of Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985); 42 U.S.C. § 1983. 42 U.S.C. § 1985 creates a cause of action for conspiracy to deprive such rights. *Caldeira*, 866 F.2d at 1182. While the Complaint alleges that Esses "conspired" to deprive Plaintiff's constitutional rights, it fails to allege what specific actions were taken that did violate Plaintiff's rights. The Complaint alleges that Plaintiff was forced "to disclose private information" but does not allege any specific private information that Plaintiff was allegedly forced to disclose. Moreover, being required to make child support payments is not a violation of the Thirteenth Amendment's prohibition on involuntary servitude. *See Moss v. Superior Court (Ortiz)*, 950 P.2d 59, 66–73 (Cal. 1998). Accordingly, Plaintiff's causes of action against defendant Esses are DISMISSED without prejudice.

The Complaint alleges that on approximately December 17, 2010, DCSS "forced plaintiff to complete and sign SDCSS document FL-610" "through duress involuntary servitude and cruel and unusual punishment." (*See* Complaint, at 2:38–40.) For 42 U.S.C. § 1983 and 42 U.S.C. § 1985 causes of action in California, the statute of limitations is two years. *See Maldonado v. Harris*, 370 F.3d 945, 954–55 (9th Cir. 2004); *McDougal v. County of Imperial*, 942 F.2d 668, 673 (9th Cir. 1991); CAL. CODE CIV. P. § 335.1. Insofar as this portion of the Complaint refers to Plaintiff's § 1983 and § 1985 causes of action, Plaintiff's § 1983 and § 1985 causes of action for events that occurred in December 2010 are DISMISSED without prejudice. Additionally, as Plaintiff's causes of action against the DCSS employees have been dismissed and Plaintiff alleges no independent basis upon which DCSS would be liable, Plaintiff's causes of action against DCSS are also DISMISSED without prejudice.

**3. Governor Brown**

Governor Brown argues five reasons why Plaintiff's causes of action should be dismissed: (1) failure to state a claim, (2) Eleventh Amendment immunity, (3) the "Domestic Relations Exception," (4) *Rooker-Feldman* Doctrine, and (5) *Younger* Abstention. (ECF No. 16-1, at 3–9.) Plaintiff argues that the Eleventh Amendment does not bar his cause of action. (ECF No. 19, at 1–2.)

The Eleventh Amendment bars suits against state officials in their official capacity for money damages. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989); *cf. Ex Parte Young*, 209 U.S. 123 (1908). The Complaint does not state whether Governor Brown is sued in his official capacity, personal capacity, or both. However, the cause of action against Governor Brown refers to him as "governor," is for "[m]oney [d]amages," and alleges that Plaintiff asked Governor Brown for "protection from said conspiracy" and Governor Brown "failed to reply to plaintiffs request or investigate said conspiracy." (*See* Complaint, at 1, 3.) Thus the Complaint appears to allege a cause of action for damages against Governor Brown in his official capacity which is barred by the Eleventh Amendment. *See Will*, 491 U.S. at 71. Plaintiff's

citation to *Warnock v. Pecos County, Tex.*, 88 F.3d 341 (5th Cir. 1996), is unavailing as *Warnock* merely stands for the proposition that the Eleventh Amendment does not bar claims for prospective relief. *See* 88 F.3d at 343. Accordingly, Plaintiff's causes of action against Governor Brown are DISMISSED without prejudice.

**C. Remaining Defenses**

    **1. *Rooker-Feldman* Doctrine**

Defendants argue that the *Rooker-Feldman* doctrine bars jurisdiction in this case. The Court disagrees. The *Rooker-Feldman* doctrine bars jurisdiction "only when the federal plaintiff both asserts as her injury legal error or errors by the state court and seeks as her remedy relief from the state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004). The Complaint does not allege legal errors by the state court judges; rather the Complaint alleges that his constitutional rights were violated by wrongful acts of the defendants. Accordingly, the Court finds that the *Rooker-Feldman* doctrine does not bar jurisdiction in this case. *See Kougasian*, 359 F.3d at 1140–42.

    **2. *Younger* Abstention**

Defendants argue that the Court should apply *Younger* abstention to this case. However, the *Younger* only applies where there is an ongoing state judicial proceeding. *Gilbertson v. Albright*, 381 F.3d 965, 973 (9th Cir. 2004) (en banc); *see also Younger v. Harris*, 401 U.S. 37 (1971). The only evidence supplied by defendants showing that the state judicial proceeding is ongoing are the arguments of counsel and over six month old documents from that proceeding. These do not show that the state judicial proceeding is ongoing and thus the Court finds that *Younger* abstention is not applicable.

    **3. Domestic Relations Exception**

Governor Brown argues that the "domestic relations exception" to federal jurisdiction applies to this case. However, the domestic relations exception only applies where a federal court would become "deeply involve[d]" in adjudicating matters

relating to "divorce, alimony, and child custody." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986). Here, the Complaint alleges fraudulent contract formation and constitutional violations by defendants and does not ask the Court to adjudicate the merits of his child support obligations. Accordingly, the Court finds that this case does not require it to become "deeply involved" in child support issues and thus the domestic relations exception is inapplicable.

### 4. Government Tort Claim

The Judicial Defendants argue that Plaintiff has failed to file a tort claim as is required by California Government Code §§ 810.2, 900 et seq. However, as the Complaint appears to allege violations of § 1983 and § 1095, the Court finds that the requirement to file a tort claim is not implicated by the Complaint.

### 5. Rule 8

Governor Brown argues that the Complaint fails to meet Federal Rule of Civil Procedure 8's requirement that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). However, a pro se complaint can only be dismissed "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle*, 429 U.S. at 106 (citations and quotation marks omitted). Accordingly, the Court finds that Rule 8(a)(2)'s requirements do not serve as a basis for dismissing the Complaint.

## D. Leave to Amend

"Dismissal with prejudice is warranted only when the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Univera, Inc. v. Terhune*, No. C09-5227-RBL, 2010 WL 3489932, at *3 (W.D. Wash. Aug. 31, 2010) (citation omitted); *see Estelle*, 429 U.S. at 106. As it is possible for Plaintiff to allege facts that support his causes of action, the Court finds it appropriate to grant Plaintiff leave to amend his complaint. However, any renewed

complaint by Plaintiff must at least address any statute of limitations, Eleventh Amendment, and judicial immunity issues as well as allege what specific acts were taken by each defendant and which specific causes of action are alleged against each defendant.

## VI. CONCLUSION AND ORDER

For the reasons stated above, **IT IS HEREBY ORDERED** that:

1. The Judicial Defendants' Motion to Dismiss, (ECF No. 5) is **GRANTED**;
2. The DCSS Defendants' Motion to Dismiss, (ECF No. 14), is **GRANTED**;
3. Governor Brown's Motion to Dismiss, (ECF No. 16), is **GRANTED**;
4. Plaintiff's Complaint is **DISMISSED** with leave to amend as to all defendants;
5. If Plaintiff wishes to file an amended complaint to cure the deficiencies noted herein, he may do so on or before **December 19, 2014**; and
6. The hearing set for November 21, 2014, is **VACATED**.

DATED: November 20, 2014

HON. GONZALO P. CURIEL
United States District Judge