1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10  CHAD COWAN,                          CASE NO. 3:14-cv-1886-GPC-WVG

11                       Plaintiff,      **ORDER:**

12                                       **(1) GRANTING THE DCSS**
                                         **DEFENDANTS' MOTION TO**
13                                       **DISMISS;**

14                                       **[ECF No. 67]**

15                                       **(2) GRANTING GOVERNOR**
                                         **BROWN'S MOTION TO DISMISS;**
16       v.

17                                       **[ECF No. 73]**

18                                       **(3) GRANTING MAUREEN**
                                         **HALLAHAN AND PENNIE**
19                                       **MCLAUGHLIN'S  MOTION TO**
                                         **DISMISS;**
20
21                                       **[ECF No. 74]**

22  GOVERNOR JERRY BROWN,                **(4) DENYING PLAINTIFF'S**
    JUDGE MAUREEN HALLAHAN,              **MOTION FOR ENTRY OF**
23  COMMISSIONER PENNIE                  **DEFAULT;**
    MCLAUGHLIN, SDCSS LAWYER
24  NATASHA ESSES, SDCSS                 **[ECF No. 70]**
    LAWYER DIONNE MOCHON,
25  SDCSS CASE MANAGER MIA-LEE           **(5) DENYING PLAINTIFF'S**
    CABRERA, TRAC PHAM, SAN              **APPLICATION FOR AN ORDER**
26  DIEGO CHILD SUPPORT SERVICE,         **SHORTENING TIME**

27                       Defendants.     **[ECF No. 93]**

28

# I. INTRODUCTION

Before the Court are three motions to dismiss by: (1) Judge Maureen Hallahan and Commissioner Pennie McLaughlin (collectively, the "Judicial Defendants"); (2) Mia Cabrera, Natasha Esses, Dionne Mochon, Trac Pham, and the Department of Child Support Services (the "DCSS") (collectively, the "DCSS Defendants"); and (3) Edmund G. Brown, Jr. ("Governor Brown"). (ECF Nos. 67, 73, 74.) Plaintiff Chad Cowan ("Plaintiff"), proceeding pro se, opposes all three motions. (ECF No. 81.) Also before the Court is Plaintiff's motion for entry of default. (ECF No. 70.)

The parties have fully briefed the motions. (ECF Nos. 67, 73, 74, 80, 81, 82, 83, 85, 86, 87, 89.) The Court finds the motions suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). Upon review of the moving papers, admissible evidence, and applicable law, the Court GRANTS all three motions to dismiss and DENIES Plaintiff's motion for entry of default.

# II. PROCEDURAL HISTORY

On August 12, 2014, Plaintiff filed a complaint against the Judicial Defendants, the DCSS Defendants, and Governor Brown. (ECF No. 1.) After the first round of motions to dismiss, which Plaintiff opposed, Plaintiff's complaint was dismissed without prejudice. (ECF No. 23.) On December 19, 2014, Plaintiff filed a first amended complaint. (ECF No. 25.) After the second round of motions to dismiss, which Plaintiff failed to oppose, Plaintiff's first amended complaint was again dismissed without prejudice. (ECF No. 57.) On April 3, 2015, Plaintiff filed a second amended complaint. (ECF No. 65.) Defendants have now filed a third round of motions to dismiss. (ECF Nos. 67, 73, 74.) Plaintiff's allegations remain similar to those in his original complaint, though with additional details. (*See* ECF No. 23, at 3; ECF No. 65.)

Plaintiff's second amended complaint alleges three causes of action: (1) a declaratory judgment invalidating his alleged contract to pay child support due to fraud and duress, (2) violation of 42 U.S.C. §§ 1983, 1985, and (3) violation of 18 U.S.C. §§ 241–242. (ECF No. 65.)

# IV. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534.

While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003);

1    *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

2    **V. DISCUSSION**

3         As an initial matter, the Court is mindful that pro se pleadings are to be liberally

4    construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Plaintiff's filings in this case

5    reflect that Plaintiff believes that, even though he was born and lives in the United

6    States, he is not a citizen of the United States. (*See, e.g.*, ECF No. 65, at 12–15 ("There

7    are two classes of citizens, citizens of the UNITED STEATES [sic] and a citizen of the

8    state.".).) "This belief is the hallmark of the sovereign citizen movement." *Gravatt v.*

9    *United States*, 100 Fed. Cl. 279, 282 (Ct. Fed. Cl. 2011).

10    **A. Motion for Entry of Default**

11         Default is appropriate against a party who "has failed to plead or otherwise

12    defend." Fed. R. Civ. P. 55(a). Plaintiff argues that Defendants have failed to respond

13    within the requisite time period and thus default is appropriate. (ECF No. 70.)

14    However, Defendants have appeared in this lawsuit and taken actions to defend

15    themselves such as by filing motions to dismiss.(*See* ECF Nos. 67, 73, 74.) Thus

16    default is inappropriate. *See Direct Mail Specs. v. Eclat Computerized Tech.*, 840 F.2d

17    685, 689 (9th Cir. 1988). Accordingly, Plaintiff's motion for entry of default, (ECF No.

18    70), is **DENIED**. Additionally, Plaintiff's motion for an application for order

19    shortening time to enter judgment, (ECF No. 93), is **DENIED** as moot.

20    **B. Motions to Dismiss**

21         Plaintiff's primary contention appears to be that the legal methods by which the

22    State of California enforces child support obligations do not apply to him and thus their

23    use against him constituted duress. (ECF No. 81, at 3.) Plaintiff further appears to

24    believe that the answer that he signed in his child support proceedings is a "contract."

25    (*Id.*) Plaintiff is wrong on both counts. And despite his protestations to the contrary,

26    the laws of the United States and the State of California apply to him.

27         First, the alleged "contract," form FL-610, is not a contract at all, but a form

28    answer to a complaint seeking to establish parental obligations, including the payment

of child support, that Plaintiff signed. (*See* ECF No. 65, Ex. 2.) Plaintiff was not agreeing to contract with the DCSS or any other party, but rather he was agreeing to pay a judgment. (*Id.*) Second, as Plaintiff admits that the child support enforcement laws are valid, (ECF No. 81, at 3 ("These tactics approved by federal law . . . .")), and has not made any credible argument as to why they do not apply to him, he has failed to adequately allege duress. Under California law, duress requires that there be a "wrongful act." *Sheehan v. Atlanta Int'l Ins. Co.*, 812 F.2d 465, 469 (9th Cir. 1987). But because the laws of the United States and the State of California apply to Plaintiff, the child support enforcement methods were not wrongful acts, but in fact legally authorized ones. As Plaintiff has failed to allege both a contract and fraud or duress, Plaintiff's first cause of action for a declaratory judgment is **DISMISSED** with prejudice.

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

Additionally, these same events serve as the basis for Plaintiff's civil rights causes of action. (ECF No. 65, at 6–12.) Plaintiff essentially argues that being required to adhere to the laws that he is subject to has violated his rights. As discussed above, Plaintiff has advanced no credible argument as to why he is not subject to the laws of the United States or the laws of the State of California As there was neither duress nor fraud, the Court finds that Plaintiff has failed to allege any constitutional violations and thus Plaintiff's second and third causes of action are also **DISMISSED** with prejudice

## VI. CONCLUSION AND ORDER

For the reasons stated above, **IT IS HEREBY ORDERED** that:

1. The DCSS Defendants' Motion to Dismiss, (ECF No. 67) is **GRANTED**;

2. Governor Brown's Motion to Dismiss , (ECF No. 73), is **GRANTED**;

3. Judicial Defendants' Motion to Dismiss, (ECF No. 74), is **GRANTED**;

4. Plaintiff's second amended complaint, (ECF No. 65), is **DISMISSED** with prejudice;

5. Plaintiff's Motion for Default, (ECF No. 70), is **DENIED**; and

6. Plaintiff's Application for Order Shortening Time, (ECF No. 93), is **DENIED** as moot.

DATED:  June 24, 2015

HON. GONZALO P. CURIEL
United States District Judge