UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| CHAD COWAN, | Case No.: 3:14-cv-01886-GPC-WVG |
| Plaintiff, | **ORDER DENYING MOTION FOR "INDEPENDENT ACTION"** |
| v. | |
| EDMOND J. BROWN, et al., | **[ECF No. 142]** |
| Defendants. | |

Before the Court is a motion filed by Plaintiff Chad Cowan. (ECF No. 142.) The motion is labeled "Motion for Independent Action under Federal Rule of Civil Procedure [] 60(d)(1)." (*Id.* at 1.[1]) For the reasons set forth below, the motion is denied.

## I. Background

Plaintiff filed this suit in August of 2014. (ECF No. 1.) According to his complaint, California government officials—including the Governor, state judges, and employees of the Department of Child Support Services ("DCSS")—violated Plaintiff's rights by forcing Plaintiff to sign a DCSS form and pay child support in the form of "Federal Reserve Notes, which are not backed by gold or silver." (*Id.* at 2–3.) The complaint also references actions by Defendants that required Plaintiff to divulge his

---

[1] Citations to specific pages in the record refer to pagination provided by the CM/ECF system.

personal information. (*Id.*) On November 20, 2014, the Court granted a motion to dismiss filed by Defendants. (ECF No. 23.) The Court explained that the Judicial Defendants were shielded by judicial immunity; Governor Brown was shielded by sovereign immunity; and allegations against the remaining officials failed to identify any violation of Plaintiff's rights. The Court gave Plaintiff leave to amend his complaint. (*Id.* at 10–11.)

Plaintiff filed an amended complaint, which elaborated on Plaintiff's original claims. (ECF No. 25.) According to the amended complaint and the exhibits attached to it, a state official forced Plaintiff to sign an answer to a civil complaint against Plaintiff regarding parental obligations. (*Id.* at 14, 16.) Plaintiff characterized the answer form he signed as a "contract" and asserted that this contract was invalid because he signed it under duress. (*E.g. id.* at 3.) Plaintiff alleged that California officials violated Plaintiff's due process rights and forced him into involuntary servitude by requiring that he pay child support obligations. Defendants again moved to dismiss. In response, Plaintiff filed several motions and statements asserting that Defendants' appearances and filings were improper because Defendants had not personally responded to the amended complaint and had used improper "style." (ECF Nos. 30, 32, 34, 37, 38, 42, 46, 48, 51.) Plaintiff never submitted an opposition to the Defendants' motions to dismiss. On March 16, 2015, the Court granted Defendants' motions to dismiss. (ECF No. 57.) It noted that Plaintiff had not actually responded to the substantive arguments in Defendants' motions, which "indicate[d] Plaintiff's disregard for disposing of his case on the merits." (*Id.* at 3.) The Court dismissed the amended complaint without prejudice. (*Id.* at 4.) The same day, however, the Clerk of Court inadvertently issued a final judgment in the case. (ECF No. 58.) After this mistake was discovered, the erroneous final judgment was vacated. (*See id.* (indicating that the final judgment had been deleted).)

On April 3, 2015, Plaintiff filed a second amended complaint. (ECF No. 65.) Defendants again moved to dismiss. Again, Plaintiff filed several motions based on the assertion that Defendants' appearances and filings were improper. Without holding a

hearing, the Court granted the motions to dismiss.  (ECF No. 95.)  The Court explained that the answer Plaintiff was allegedly forced to sign by state officials was not a contract, as he contended, but rather was "a form answer to a complaint seeking to establish parental obligations, including the payment of child support."  (*Id.* at 4–5.)  Because Plaintiff offered no argument as to why California's child support laws should not apply to him, the Court found that the second amended complaint failed to state a claim that Defendants' child support enforcement methods were wrongful.  (*Id.* at 5.)  Having dismissed Plaintiffs' claims for the third time, the Court found that dismissal with prejudice was appropriate.  (*Id.* at 6.)  The Clerk of Court issued a final judgment in favor of Defendants.  (ECF No. 96.)  Two weeks later, Plaintiff filed a motion seeking relief from the Court's ruling and the final judgment.  (ECF No. 98.)  The main thrust of Plaintiff's motion was that the Court had improperly ruled on Defendants' motions and entered judgment without holding a "hearing or trial," despite Plaintiff's having requested a jury trial in this case.  (*Id.* at 4.)  The Court denied this motion, explaining that Plaintiff failed to make any of the showings necessary to obtain relief under Federal Rules of Civil Procedure 59 or 60.  (ECF No. 99.)

Plaintiff filed a notice of appeal, which the Ninth Circuit dismissed on January 27, 2016.  (ECF No. 107.)  The Ninth Circuit's dismissal order stated that, after reviewing Plaintiff's filings, the panel had determined that "the questions raised in this appeal are so insubstantial as not to require further argument."  (*Id.*)  On February 29 and April 19, 2016, Plaintiff asked this Court to enter default against Defendants; the Court rejected these filings as procedurally improper.  (ECF Nos. 109, 110.)  Plaintiff again appealed.  (ECF No. 112.)  The Ninth Circuit dismissed the appeal for lack of jurisdiction because this Court's rejections of Plaintiffs' filings were not final orders.  (ECF No. 121.)  After the Ninth Circuit's dismissal, Plaintiff sent three filings to the undersigned and three filings to Magistrate Judge Gallo, all seeking judgment in Plaintiff's favor.  (ECF Nos. 122-1, 123-1, 124-1, 125-1, 126-1, 127-1.)  Plaintiffs' requests asserted that because Defendants did not appear at the hearing on their motions to dismiss—which the Court

vacated prior to the date of the hearing—Plaintiff somehow was entitled to judgment. (*Id.*)  Because these filings were procedurally improper, however, the undersigned and Magistrate Judge Gallo rejected them.  (ECF Nos. 122, 123, 124, 125, 126, 127.) Plaintiff again appealed.  (ECF No. 128.)  The Ninth Circuit again dismissed the appeal for lack of jurisdiction.  (ECF No. 137.)

Plaintiff has now filed a motion labeled "Motion for Independent Action under Federal Rule of Civil Procedure [] 60(d)(1)."  (ECF No. 142.)

## II.    Discussion

Federal Rule of Civil Procedure 60 governs requests for relief from a judgment or order.  Rule 60(b) provides that parties may seek relief from a judgment or order under certain circumstances, such as error, new evidence, fraud, or the judgment being void. Rule 60(c) requires that a Rule 60(b) motion asserting error, new evidence, or fraud be brought no later than one year after the entry of the judgment.  Fed. R. Civ. P. 60(c)(1). This one-year limitation does not apply to motions under Rule 60(b)(4), (5), and (6), which must be brought only within a reasonable amount of time.  *Id.*

Rule 60(d)(1) acts as a failsafe to Rule 60(c)'s one-year limitation.  It clarifies that Rule 60 "does not limit a court's power to . . . entertain an independent action to relieve a party from a judgment, order, or proceeding."  The purpose of Rule 60(d)(1) was to preserve:

> whatever power federal courts had prior to the adoption of Rule 60 to relieve a party of a judgment by means of an independent action according to traditional principles of equity.  Thus, for example, an independent action for relief from a judgment may be brought by a person whose interests are affected by the judgment, even if that person was not a party to the original action.

12 Moore's Fed. Prac. Civ. § 60.80 (Matthew Bender 3d ed.).  Plaintiff appears to believe that an "independent action" is something that can be requested in this case.  But Rule 60(d)(1) does not grant the district court with any powers or provide any litigant an avenue for relief; rather, it merely preserves a cause of action a litigant might be able to

bring outside of the bounds of this suit.  In other words, Rule 60(d)(1)'s reference to an "independent action" envisions a suit outside of the matter in which judgment has been entered.

In this sense, Plaintiff's Rule 60(d)(1) motion is procedurally improper: to seek relief from judgment in this case via an independent action, Plaintiff would have to file a new lawsuit.  Nonetheless, given Plaintiff's pro se status, the Court finds it appropriate to construe this motion as seeking relief from the judgment in this case under Rule 60(b)(6), which allows the Court to grant relief from a judgment for "any other reason that justifies relief."[2]  The Court will therefore consider the arguments presented in Plaintiff's motion.[3]  For the reasons set forth below, Plaintiff's assertion that judgment in this case was anything but proper is not only false, but also frivolous.

Plaintiff argues that the judgment in this case is invalid because Defendants never responded to Plaintiff's complaint.  As the docket makes clear, that assertion is incorrect.  All Defendants appeared through counsel and successfully sought dismissal of Plaintiff's complaints by filing a motion under Federal Rule of Civil Procedure 12.  Plaintiff argues that these appearances and filings were improper because they were not made by

---

[2] Part of Plaintiff's motion is premised on the assertion that the judgment in this case is the result of what he labels "fraud."  A Rule 60 motion based on fraud would fall under Rule 60(b)(3), which is subject to Rule 60(c)'s one-year time limitation.  Courts in this circuit have described that one-year limitation as jurisdictional.  *See, e.g.*, *Wolff v. California*, 236 F. Supp. 3d 1154, 1164 (C.D. Cal. 2017).  If Rule 60(c)'s limitation is jurisdictional, the Court would not have power to consider this motion because that one-year deadline has long passed.  Nonetheless, as discussed below, the main thrust of Plaintiff's motion is not fraud, but rather that the Court somehow engaged in misconduct by (1) permitting Defendants' counsel to file an answer to Plaintiff's complaints, and (2) choosing not to hold a hearing or trial in this case before entering final judgment.  The Court thus treats this motion as one seeking relief from the judgment on the ground of judicial misconduct under Rule 60(b)(6).

[3] Plaintiff's motion requests the convening of a three-judge district court panel.  (ECF No. 142 at 1.)  A three-judge panel is to be convened only when "required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body."  28 U.S.C. § 2284(a).  Plaintiff's claims are not related to apportionment of districts or statewide legislative bodies, and he has not identified any other federal statute that calls for a three-judge panel under the circumstances of this case.  As a result, the Court DENIES Plaintiff's request for a three-judge panel.

Defendants themselves. He asserts that "[a]s a man the plaintiff was and is under no obligation to entertain or be forced into, any negotiations with 3rd parties, and or, to produce a response to hearsay, from these interlopers." (ECF No. 142 at 4.) Plaintiff's argument has no basis in law or the Court's procedures. Any litigant in a case before this Court may appear through counsel, so long as that counsel has either been admitted to this Court's bar or has been granted leave to appear pro hac vice. *See* S.D. Cal. L. Civ. R. 83.3. Defendants' attorneys in this case are all members of this Court's bar. Under this Court's local rules, because Defendants' counsel appeared in this case on Defendants' behalf, Defendants were not permitted to file any document on their own behalf:

> Whenever a party has appeared by an attorney, the party may not afterwards appear or act in the party's own behalf in the action, or take any step in that action, unless an order of substitution has first have been made by the court, after notice to the attorney of such party, and to the opposite party; provided, that the court may in its discretion hear a party in open court, notwithstanding the fact that the party has appeared, or is represented by an attorney.

S.D. Cal. L. Civ. R. 83.3(f)(1). Because Defendants' counsel properly filed documents on Defendants' behalf in this case, Plaintiff's assertion that Defendants never answered his complaints is incorrect. As a result, contrary to Plaintiff's repeated assertions, there was never any basis for the Court to enter default against Defendants in this case.

Plaintiff's argument that Defendants' counsel's filings constitute "hearsay" also lacks merit. Hearsay is an evidentiary concept that prevents a party from using an out-of-court statement to prove the truth of the matter asserted in that statement. *See* Fed. R. Evid. 801–807. The Federal Rules of Evidence's hearsay prohibition does not apply to filings on the Court's docket.

Plaintiff's also argues that the Court erred in this case by dismissing Plaintiff's complaint with prejudice and entering final judgment in favor of Defendants without holding a hearing or trial. In light of Plaintiff's deficient allegations and failure to oppose the motions to dismiss, however, Plaintiff was not entitled to a hearing or trial. In defending a motion to dismiss, a civil plaintiff is not automatically entitled to be heard at

an in-person hearing; the Court may take any motion before it under submission without oral argument. S.D. Cal. L. Civ. R. 7.1 (d)(1) ("A judge may, in the judge's discretion, decide a motion without oral argument."). And because a plaintiff opposing a motion to dismiss in a civil case may not offer evidence in opposition to that motion—except for limited circumstances not applicable here, such as a factual subject-matter jurisdiction challenge—the Court addressing such a motion need not hold an evidentiary hearing.

Nor was Plaintiff entitled to a trial in this case. If a federal civil plaintiff fails to allege a plausible claim for relief, or otherwise fails to oppose a Rule 12(b)(6) motion, the Court may enter judgment against the plaintiff without offending the plaintiff's Seventh Amendment right to a jury trial. The Seventh Amendment does not prohibit federal courts from employing pre-trial procedures that existed under English common law. *Baltimore & Carolina Line v. Redman*, 295 U.S. 654, 657 (1935) ("The right of trial by jury . . . preserved [in the Seventh Amendment] is the right which existed under the English common law when the amendment was adopted."). The "aim" of the Seventh Amendment was

> to preserve the substance of the common-law right of trial by jury, as distinguished from mere matters of form or procedure, and particularly to retain the common-law distinction between the province of the court and that of the jury, whereby, in the absence of express or implied consent to the contrary, issues of law are to be resolved by the court and issues of fact are to be determined by the jury under appropriate instructions by the court.

*Id.* "Under the English common law, a case could be dismissed before trial upon a demurrer to the pleadings," which involved "the plaintiff or the defendant admit[ting] the truth of the plea or the declaration, respectively, and argu[ing] that he was entitled to judgment under the law. If the demurring party was correct, he received judgment." Suja A. Thomas, *The Seventh Amendment, Modern Procedure, and the English Common Law*, 82 Wash. U. L.Q. 687, 706–07 (2004) (citing 3 William Blackstone, Commentaries on the Laws of England 314–15 (Oxford, 2d ed. Clarendon Press 1768)). This demurrer procedure did not invade the historical division of labor between judge and jury because

7

it asked the court to assume all facts to be in favor of the nonmoving party and determine the case on the basis of law alone. The modern federal motion to dismiss is analogous to the English common law demurrer. In granting the motions to dismiss in this case, the Court determined Plaintiff's case on the basis of law and "form or procedure." The Court determined that Plaintiff's claims were deficient as a matter of law because, assuming all of Plaintiff's allegations were true, Plaintiff could not satisfy the legal requirements of his claims. What's more, Plaintiff's failure to oppose Defendants' motions to dismiss—another basis on which the Court dismissed Plaintiff's claims—were matters of "form or procedure" he had no right to have a jury decide.

As a final matter, Plaintiff asserts that the undersigned should be disqualified from this case under 28 U.S.C. § 455(a) "due to his prejudicial past behavior." (ECF No. 142 at 3.) Section 445(a) requires recusal of a judge when "his impartiality might reasonably be questioned." When addressing a motion under § 455(a), the Court applies an objective test: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Clemens v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Moreover,

> opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Id.* As the Court has explained above, its rulings in this case have not been contrary to law, let alone the product of deep-seated favoritism. And even if the Court's rulings were erroneous, that would not provide a basis for recusal.

The only other basis for recusal offered by Plaintiff is the fact that he has filed a complaint against the undersigned with the Ninth Circuit and has also written a letter to the Clerk of this Court, copies of which he sent to the President of the United States, the

Chief Justice of the United States, the Circuit Justice, the Attorney General, and chairpersons of relevant judiciary and oversight committees. (ECF No. 142 at 24–29, 47–53.) The Ninth Circuit has held that a litigant's filing of a complaint of judicial misconduct is not itself a valid ground for recusal of the same judge, "lest we open the door to misuse of the judicial misconduct complaint process as a means of removing a disfavored judge from a case." *In re Focus Media, Inc.*, 378 F.3d 916, 930 (9th Cir. 2004). Because there is no other reason to question the undersigned's impartiality in this case, Plaintiff's filing of complaints against the undersigned is not a basis for recusal.

## III. Conclusion

For the reasons set forth above, there is no basis for granting Plaintiff's request for relief from the final judgment entered in this case. Plaintiff's motion is therefore DENIED.

**IT IS SO ORDERED.**

Dated: August 7, 2018

Hon. Gonzalo P. Curiel
United States District Judge